UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULISSA LENAY HALEY, an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MWI VETERNIARY SUPPLY CO., an Idaho Corporation; and JEFF SMITH, an individual,<br><br>Defendants. | Case No. 1:24-cv-00060-KES-HBK<br><br>ORDER GRANTING PARTIES' JOINT MOTION TO STAY ACTION PENDING MEDIATION<br><br>(Doc. No. 18)<br><br>CLERK TO LIFT STAY ON SEPTEMBER 30, 2024 |

This matter comes before the Court upon the Parties' joint stipulated motion to stay this action filed May 21, 2024. (Doc. No. 18). The Parties request the Court to grant a stay of this action so the parties may participate in private mediation. (*Id*. at 2). The Parties advise that they have identified Katerine J. Edwards as the mediator and have confirmed an August 21, 2024 mediation date. (*Id*.).

The court is vested with broad discretion to stay a case. *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). As a rule, "stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059,

1066-67 (9th Cir. 2007).  If a stay is especially long or indefinite, a greater showing is required to justify it and the court must "balance the length of any stay against the strength of the justification given for it."  *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

The Court finds in its discretion that a stay of this action is appropriate and will stay this action so that the Parties may direct their resources and attention to mediation.

Accordingly, it is **ORDERED**:

1. The Parties' joint motion to stay (Doc. No. 18) is GRANTED to the extent the Court STAYS this action in its entirety pending further Order by this Court, except that the parties may exchange informal discovery in connection with mediation.
2. The Clerk of Court shall automatically **LIFT the STAY on September 30, 2024**.
3. The Parties shall file a joint post-mediation report with the Court no later than September 30, 2024.
4. The substance of the mediation is confidential, and no party, lawyer, or other participant may record, or without approval of the Court may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during the mediation.
5. If the Parties settle at the mediation, a notice of settlement shall promptly be filed with the Court.  *See* Local Rule 160(a); Fed. R. Civ. P. 23(e).

Dated:    June 19, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2